# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDDY AGUILERA QUINJANO,** | : | **CIVIL ACTION NO. 3:11-CV-0367** |
| | : | |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **UNITED STATES PAROLE COMMISSION,** | : | |
| | : | |
| **Respondent** | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On February 25, 2011, Petitioner Freddy Aguilera Quinjano, an inmate at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), in Minersville, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner attached exhibits to his habeas petition, Exs. A-E. Petitioner paid the filing fee. Named as sole Respondent is the United States Parole Commission ("USPC").[1]

On March 2, 2011, we issued a Show Cause Order directing the Clerk of Court to serve the habeas petition on Respondent and directing Respondent to respond to it. (Doc. 4). Respondent filed its Response to the habeas petition with exhibits on March 22, 2011. (Doc. 7). Petitioner filed his Traverse on March 30, 2011. (Doc. 8).

---

[1] Since Petitioner's action is a § 2241 Habeas Petition, the USPC is incorrectly named as the Respondent in this case. The correct Respondent is Howard Hufford, Warden, FCI-Schuylkill. *See* 28 U.S.C. § 2242 and § 2243. *See Turnage v. U.S. Attorney General*, 2009 WL 604141, *1, n. 1 (M.D. Pa. 3-9-09).

Petitioner's habeas petition is ripe for disposition.[2]

## II. Petitioner's Background.

The record indicates as follows:

> Bureau of Prisons' records indicate that Petitioner, inmate Freddie Aguilera-Quinjano, Federal Register No. 08389-016, is serving a life sentence imposed by this Court, the Honorable Judge Malcolm Muir, on August 11, 1997, for conspiracy to possess with intent to distribute in excess of 5 kilos of cocaine. He was also sentenced to terms of imprisonment by the United States District Court for the Southern District of Florida on July 15, 1988, the United States District Court for the Northern District of New York on August 16, 1989, and the United States District Court for the Middle District of North Carolina on June 25, 1990. See Attachment 1, Sentence Monitoring Computation Data.

(Doc. 7, Ex. A, ¶ 3.).[3]

## III. Petitioner's Habeas Claims.

Petitioner claims that when the BOP computed his sentences "the BOP aggregated the Case No. 87-cr-710 ... with Case No. 87-cr-255, which brings together 60 years term of imprisonment, grouping sentences placed the [Petitioner's] release date to be on September 9, 2047, without reduction for Good Conduct Time ... and Extra Good Conduct Time." (Doc. 1, p. 4). Petitioner further states:

> [Petitioner's] conviction in Case No. 87-cr-710-Scott-01 related to cocaine, occurred during the "window period" between the effective date of the Anti-Drug Abuse Act ("ADAA") of 1986, and the Sentencing Reform Act ("SRA") of 1984. The [Petitioner's] eligible for parole in some

---

[2]The undersigned has been assigned this case for issuance of an R&R.

[3]Petitioner also states the background of his case in his habeas petition, Doc. 1, pp. 2-3 & p. 6.

>of his sentences, because he was sentenced before of (sic) the effective date of the SRA November 1, 1987.

(Doc. 1, p. 4).

Petitioner contends that "his series of alternating parolable and non-parolable sentences makes [Petitioner's] parole eligibility much sooner than 60 years after the first day of [Petitioner's] incarceration." (*Id*., p. 5). Petitioner indicates that if the BOP properly computed his parolable and non-parolable sentences, he would be eligible for parole in 23 years and 5 months and not 60 years. Petitioner states that all of his parolable and non-parolable sentences should have aggregated into one sentence. (*Id*.). Petitioner states that when the non-parolable portion of his aggregated sentence expires, he will be eligible to obtain a release date for the remaining parolable portion of his sentence. (*Id*.). Additionally, Petitioner states that "since the parolable and non-parolable sentences are aggregated [into one sentence], the [USPC] should credit [the period the inmate served under his non-parolable portion] to the parolable portion [of his sentences]." (*Id*.).

Thus, Petitioner maintains that if the BOP computed his parolable and non-parolable sentences correctly, and backdated his third, non-parolable sentence of 30 years to start at the first date of his incarceration, he would be entitled to a parole hearing date on his parolable sentences. Petitioner states that on October 15, 2010, he sent the USP a letter requesting his parole date. The USPC responded to Petitioner's request as follows:

>Please be advised our information reflects that you have been sentenced to a non-parolable term. Therefore, you are not eligible for parole consideration.
>
>The U. S. Parole Commission has no jurisdiction over inmates serving Federal or D.C. Code "new law" non-paroleable sentences or state entences.

(Doc. 1, Ex. E).

3

Petitioner claims that if his sentences were correctly aggregated considering that he was sentenced before the effective date of the 1984 Sentencing Reform Act ("SRA"), he would be eligible for a parole date at this time. Petitioner contends that the BOP and USPC should not have applied the SRA in calculating his sentences and should not have grouped his 30-year nonparolable sentence in his Case No. 87-cr-255 with his 30-year nonparolable sentence in Case No. 87-cr-710. (*Id*., p. 10). Petitioner states that under prior law, he would be eligible for parole on his 30-year sentence in Case No. 87-cr-710 after he completed one third of this sentence. Petitioner states that since the BOP and USPC improperly grouped his sentences, the USPC has found him ineligible for parole and projected his release date to be 2047. (*Id*.).[4]

Petitioner concludes his habeas petition by stating that his sentences are not being properly executed, and that the SRA should not have been applied to his sentences since he committed his crimes before its effective date. Petitioner states that if his sentences were properly computed, he would eligible for parole. Petitioner seeks this Court to direct the BOP to recalculate his sentences and to direct the USPC to schedule a parole hearing for him so that his parole date can be set. Thus, as relief, Petitioner requests that the Court order the USPC to set a parole hearing date with respect to his parolable sentences. (Doc. 8, p. 5).

---

[4]Petitioner indicates that he is currently 65 years old. Thus, Petitioner will be 101 years old at the time of his projected release date.

**IV. Discussion.**

As a preliminary matter, we agree with Petitioner that his action is a challenge to the execution of his sentences and, as such it is a petition for habeas corpus, pursuant to 28 U.S.C. § 2241. *See Turnage v. U.S. Attorney General*, 2009 WL 604141, *3 ("A petition for writ of habeas corpus under §2241 is the proper vehicle for relief 'where Petitioner challenges the effect of events 'subsequent' to his sentence'," ..., and where he challenges the execution of his sentence rather than its validity, ... ."  (Internal citations omitted); *Brown v. Sniezek*, 2008 WL 4571876, *5 (M.D. Pa. 10-10-08).

We also agree with Respondent that Petitioner is required to exhaust his BOP administrative remedies before he can raise his instant claims in this §2241 habeas petition. *See Turnage v. U.S. Attorney General*, 2009 WL 604141, *3(exhaustion of administrative remedies is a threshold issue). Petitioner does not dispute that he did not exhaust his administrative remedies before he filed his habeas petition, but he contends that exhaustion is not required with respect to his claims since the "administrative remedies does not applying (sic) to the Petitioner 's claim of his request to the USPC for his parole date ... . hearing."  (Doc. 8, p. 4).  He argues that he failed to exhaust his administrative remedies because exhaustion in this case would be futile or inadequate. Petitioner states that exhaustion is futile since he is not challenging the BOP's computation of his sentences.

We do not agree with Petitioner and find that exhaustion of his BOP administrative remedies with respect to his above detailed claims challenging the BOP's calculation of his sentences is not futile.   *See Schweitzer v. U.S.*, 2006 WL 1149245, *7 (M.D. Pa. 4-27-06)(Court

held that Petitioner was required to exhaust his BOP administrative remedies with regard to his challenges to sentence computation by the BOP despite Petitioner's claim that exhaustion was futile since BOP was "attempting to exert an incorrect version of statutory authority.").

In our case, we find that Petitioner Quinjano challenges the execution of his sentences when he challenges the BOP's calculation of his sentences. Although Petitioner attempts to characterize his petition as merely seeking a directive from the court for the USPC to set a parole hearing date on his parolable sentences, the gist of his claims clearly attack the calculation of his sentences by the BOP. Thus, we concur with Respondent that Petitioner was required to exhaust his BOP administrative remedies before he filed his habeas petition. *See Schweitzer v. U.S.*, 2006 WL 1149245, *7.

Because we construe Petitioner's instant claims as challenging the BOP 's computation of his sentences, we find that Petitioner is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (*per curiam*). Here, Petitioner does not dispute the fact that he has not exhausted his administrative remedies. (Doc. 8). Rather, he argues that it would be futile to exhaust his administrative remedies because he claims he is not challenging the BOP's calculation of his sentences. Since we find that Petitioner's claims do in fact amount to a challenge of the BOP's computation of his sentences, we find that Petitioner is required to exhaust his administrative remedies which he has admittedly failed to do. *See Malvestuto v. Martinez*, 2009 WL 2876883 (M.D. Pa.). The Court in *Malvestuto* stated:

> Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required

>an inmate to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); e.g., *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for the following reasons: "(1) allowing appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

*Malvestuto*, 2009 WL 2876883 at *2; *McCooey v. Martinez*, 2010 WL 411744, * 2 (M.D. Pa.); *McGill v. Designation Sentence Computation*, 2009 WL 111564, *3 (M.D. Pa. 1-15-09)(Court held that BOP administrative remedies must be exhausted with respect to inmate's habeas claim challenging the USPC's decision requiring him to serve 2053 days).

The *Malvestuto* Court then outlined the procedure utilized by federal inmates which was established by the BOP and set forth at 28 C.F.R. §§ 542.10-542.19, stating:

>Pursuant to this protocol, an inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. *See* § 542.13(a). If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. *Id*. An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process, he or she may appeal the decision to the Regional Office and the General Counsel of the BOP. *See* § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and General Counsel of the BOP. *See* §542.15 A BOP decision is not final -and thus not reviewable-until relief has been denied by the General Counsel's Office.

*Id.; McGill,* 2009 WL 111564, *1. (See also Doc. 7, Ex. A, ¶'s 4.-5.).

Respondent has submitted evidence to show that Petitioner has failed to exhaust his administrative remedies with the BOP. (Doc. 8). In the Declaration of McCluskey, a BOP senior

attorney, he avers:

> On March 9, 2011, I conducted a search of the records to determine whether Petitioner exhausted available administrative remedies regarding the computation of his federal sentences. This search revealed that Petitioner has not exhausted available administrative remedies. Specifically, the Petitioner has filed a total of 89 administrative remedies since his incarceration began back in 1989. None of these remedies raised any issues with his sentence computation. See Attachment 2, Administrative Remedy Generalized Retrieval.

(Doc. 7, Ex. A, ¶ 8.).

In our case, as discussed, Petitioner acknowledges that he has failed to exhaust his administrative remedies with the BOP. (Doc. 8). Also, Respondent has demonstrated that Petitioner failed to exhaust his BOP administrative remedies. Accordingly, we will recommend that Petitioner's habeas petition be dismissed for failure to exhaust his administrative remedies. See *Malvestuto* at *4; *McCooey v. Martinez*, 2010 WL 411744, *4; *Schweitzer v. U.S.*, 2006 WL 1149245, *7.

**V. Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Quinjano's Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for failure to have exhausted his administrative remedies with the BOP.

                         **s/ Thomas M. Blewitt**
                         **THOMAS M. BLEWITT**
                         **United States Magistrate Judge**

**Dated: April 7, 2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDDY AGUILERA QUINJANO,** | : | CIVIL ACTION NO. 3:11-CV-0367 |
| | : | |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Blewitt)** |
| **UNITED STATES PAROLE** | : | |
| **COMMISSION,** | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 7, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                          **s/ Thomas M. Blewitt**
                                                          **THOMAS M. BLEWITT**
                                                          **United States Magistrate Judge**

**Dated: April 7, 2011**