IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDDY AGUILERA QUINJANO,** **Petitioner** | No. 3:11cv367 |
| v. | (Judge Munley) |
| **UNITED STATES PAROLE COMMISSION,** **Respondent** | |

## MEMORANDUM

Before the court is Petitioner Freddy Aguilera Quinjano's objection (Doc. 10) to Magistrate Judge Thomas M. Blewitt's recommendation (Doc. 9) that the petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 be denied. Having been briefed, the matter is ripe for disposition.

**BACKGROUND**

Petitioner Freddy Aguilera Quinjano ("Petitioner") is a prisoner at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania ("FCI Schuylkill"). (Pet. (Doc. 1)). Petitioner is currently serving a life sentence imposed by this court, the Honorable Judge Malcolm Muir, on August 11, 1997, for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and aiding and abetting. (Sentence Monitoring Computation Data for Case No. 4:96cr201-002 (Doc. 7-1 at 7-21)); 21 U.S.C. § 846; 18 U.S.C. § 2.

Petitioner is also serving three terms of imprisonment of various lengths, for Case Numbers 87cr710, 87cr255, and 85cr98-13-G. On July 15, 1988 Petitioner was sentenced by the United States District Court for the Southern District of Florida to a term of thirty years imprisonment with no parole for conspiracy and possession with intent to distribute at least five kilograms of cocaine. (Sentence Monitoring Computation Data for Case No. 87cr710 (Doc. 7-1 at 7-21)); 21 U.S.C. §§ 846, 841(A)(1),

841(B)(1)(A).

On August 16, 1989 Petitioner was sentenced by the United States District Court for the Northern District of New York to a term of thirty years imprisonment with no parole for continuing criminal enterprise, unlawful possession, manufacture, and possession with intent to distribute cocaine. (Sentence Monitoring Computation Data for Case No. 87cr255 (Doc. 7-1 at 7-21)); 21 U.S.C. §§ 848, 841(A). This thirty year term was imposed consecutive to Petitioner's term under Case Number 87cr710, above.[1] (Id.)

On June 25, 1990 Petitioner was sentenced by the United States District Court for the Middle District of North Carolina to a term of fifteen years imprisonment for conspiracy to manufacture and possess with intent to distribute cocaine hydrochloride. (Sentence Monitoring Computation Data for Case No. 85cr98-13-G (Doc. 7-1 at 7-21)); 21 U.S.C. §§ 846, 841(A)(1). This fifteen year term was imposed concurrent with Petitioner's term under Case Number 87cr255.

Petitioner's Sentence Monitoring Computation Data indicates that Petitioner's total term in effect for Case Numbers 87cr710, 87cr255, and 85cr98-13-G is sixty years. (Sentence Monitoring Computation Data (Doc. 7-1 at 7-21)). Petitioner is not eligible for parole or a parole hearing under this computation. (Id.) These determinations underlie the petition for a writ

---

[1] Petitioner was sentenced to thirty years with no parole, consecutive to Case Number 87cr710 on Count I. On each of Counts III, IV, and V Petitioner was sentenced to twenty years, concurrent with one another and with Count I, but consecutive to Case Number 87cr710. The court also imposed special parole terms of three years on Counts III, IV, and V, to run concurrent with one another. (Sentence Monitoring Computation Data for Case No. 87cr255 (Doc. 7-1 at 7-21)).

of habeas corpus.

By way of letter, the U.S. Parole Commission, responding to Petitioner's letter of October 15, 2010, explains that Petitioner was "sentenced to a non-parolable term" and therefore is ineligible for parole consideration.  (Pet'r Ex. E (Doc. 1-2 at 9)).  The letter states that "[t]he U.S. Parole Commission has no jurisdiction over inmates serving Federal or D.C. Code "new law" non-[parolable] sentences or state sentences."  (Id.)  BOP records indicate that Petitioner has not filed an administrative remedy with respect to the computation of his sentence.  (Joseph McCluskey Decl., Ex. A., ¶ 8).

On February 25, 2011, the Petitioner filed a petition for a writ of habeas corpus.  (Doc. 1).  On March 2, 2011, the government was ordered to respond.  (Doc. 4).  The government responded to the petition and on April 7, 2011 the magistrate judge issued a report and recommendation (Doc. 9).  The magistrate judge recommends that the petition be dismissed for the petitioner's failure to exhaust his administrative remedies.  (Id.)  On April 19, 2011 the petitioner filed his objections to the report and recommendation.  (Doc. 10).  The government responded on May 6, 2011, bringing the case to its present posture.  (Doc. 11).

**JURISDICTION**

Because this case is brought under 28 U.S.C. § 2241 ("Section 2241"), the court has jurisdiction pursuant to 28 U.S.C. § 1331.  ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001).  The federal habeas

statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). Although the Third Circuit Court of Appeals has yet to clearly define the meaning of "execution" in this context, it has cited approvingly holdings from other circuits finding that a Section 2241 motion properly challenges "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)).

**STANDARD OF REVIEW**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A habeas petition and any supporting submissions filed *pro se* must be construed liberally and

with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney Gen., 878 F.2d 714, 721-22 (3d Cir. 1989). However, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

**DISCUSSION**

For reasons explained below, it is not necessary to describe the merits underlying the petition for a writ of habeas corpus.  To summarize, however, Petitioner claims that, with respect to his sentences for Case Numbers 87cr710, 87cr255, and 85cr98-13-G, he should be eligible for parole after serving twenty-three years and five months.  (Pet. 5 (Doc. 1)). The BOP has calculated an effective term of sixty years for these sentences.  Petitioner asks this court to direct the BOP to recalculate his sentences and direct the Parole Commission to set a parole hearing. (Pet'r Traverse 5 (Doc. 8)).

Respondent argues that Petitioner has not filed an administrative remedy with respect to the calculation of his parole eligibility.  Petitioner, in his traverse, attempts to re-frame his challenge, not as a challenge to the computation or calculation of his sentence by the BOP, but as only seeking a parole hearing date with the Parole Commission.  (Pet'r Traverse 3 (Doc. 8)).  Magistrate Judge Blewitt, in his report and recommendation, agrees with the Parole Commission and recommends that the petition for a writ of habeas corpus be dismissed for failure to exhaust administrative remedies.  In objecting to the report and recommendation, Petitioner reiterates that he "is challenging not the validity of the computation of his sentences by the Bureau of Prisons ('BOP'), but the United States Parole

Commission['s] decision on his request for a parole hearing date. . ." (Pet'r Obj. 2 (Doc. 10).

Although Section 2241 does not contain a statutory exhaustion requirement, courts in the Third Circuit have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus.  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981) (per curiam)); e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  The Third Circuit requires administrative exhaustion for habeas claims raised under Section 2241 because "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and [because] (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted).

The BOP has a three-level Administrative Remedy Program that is available to inmates for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must first attempt informally to resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If the concern is not informally resolved, an inmate may file an appeal to the Warden of the institution where he is confined.  28 C.F.R. § 542.14.  An inmate may then further appeal an adverse decision to the Regional Director.  28 C.F.R. § 542.15(a).  Finally, the inmate may make an administrative appeal to the BOP's Central Office.  Id.  No administrative remedy appeal is considered to have been fully exhausted until it has been denied by the Bureau of Prisons's Central Office.  Id.  If the inmate receives no response within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that

6

level." 28 C.F.R. § 542.18.

However, there are instances where exhaustion may be excused. The Supreme Court recognizes that: "'it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice . . . only in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (quoting Ex parte Hawk, 321 U.S. 114, 117 (1944)) (internal quotations and footnote omitted)); e.g. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion of administrative remedies not required where petitioner demonstrates futility); Lyons v. U.S. Marshalls, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "[1] would be futile, [2] if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or [3] if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm").

The petitioner essentially argues that exhaustion is either inapplicable to his challenge, satisfied or futile. (Pet'r Traverse 5 (Doc. 8) ("In the instant case, Petitioner [is] not challenging to the BOP his sentence computation or the calculation of his sentences. Petitioner to file his writ of habeas corpus under 28 U.S.C. § 2241 was not required for him to exhausted the BOP's Administrative Remedy process [sic]. Exhaustion is not required when Petitioner can demonstrate that the exhaustion is futile."). The petitioner contends that when "he attached to the petition the USPC's decision, [he] complied with the statutory EXHAUSTION requirement under 28 U.S.C. § 2241." (Pet'rs Obj. 3 (Doc. 10)).

We disagree with Petitioner. First, it is clear that the Parole Commission's refusal to schedule a parole hearing is based on the BOP's computation of Petitioner's sentence. Thus, Petitioner is necessarily

7

challenging the "validity and computation of his sentences" by the BOP when he requests that this court order the BOP to recalculate his sentences and order the Parole Commission to schedule a parole hearing. That being the case, it is clear that the Third Circuit's exhaustion requirement applies to the Petitioner in this case.

It is also clear that the exhaustion requirement has not been satisfied in this case. Were this court to find that the Parole Commission's denial of Petitioner's parole hearing request satisfied the exhaustion requirement, Petitioner would effectively be allowed to evade the exhaustion requirement, undercutting the purposes of the requirement. See Moscato, 98 F.3d at 761-62 (citations omitted) (utilizing agency expertise, conserving judicial resources, and promoting autonomous error correction by the agency). Finally, it is not clear how exhaustion would be futile in this case and Petitioner has not made any factual or legal argument that it would be. Accordingly, the court will dismiss the petition for a writ of habeas corpus pursuant to Section 2241 for failure to exhaust administrative remedies.[2] An appropriate order follows.

---

[2] Because the court finds that Quinjano's petition for a writ of habeas corpus shall be denied for failure to exhaust administrative remedies, the merits of his claim will not be addressed in this proceeding.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDDY AGUILERA QUINJANO,** <br> Petitioner <br><br> v. <br><br> **UNITED STATES PAROLE COMMISSION,** <br> Respondent | No. 3:11cv367 <br><br> (Judge Munley) |

## ORDER

**AND NOW**, to wit, this 29th day of July 2011, upon consideration of Petitioner Freddy Aguilera Quinjano's objections to Magistrate Judge Thomas M. Blewitt's report and recommendation (Doc. 9), it is HEREBY **ORDERED** that

• The objections (Doc. 10) are **OVERRULED**,

• The report and recommendation (Doc. 9) is **ADOPTED**, and

• The petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. §§ 2241 is **DENIED**.

The Clerk of Court is directed to **CLOSE** this case. A certificate of appealability shall not issue in this case.

                                              **BY THE COURT:**

                                              s/ James M. Munley

                                              **JUDGE JAMES M. MUNLEY** <br>
                                              **United States District Court**